UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARTHA LOCKE f/k/a
MARTHA VILLEREAL

    Plaintiff,

v.                                         Case No.: 8:05-CV-1956-17-MAP

SUNTRUST BANK, a
foreign corporation,
    Defendant.
_____/

**SUNTRUST'S MOTION TO DISMISS**

Defendant, SUNTRUST BANK ("SUNTRUST"), by and through its undersigned attorneys and pursuant to Fed. R. Civ. P. 12(b)(6), hereby moves to dismiss Plaintiff's Complaint and in support of same states as follows:

**I. BACKGROUND**

On September 28, 2005, Plaintiff filed the instant action against SunTrust in the Tenth Judicial Circuit, in and for Polk County, Florida. Plaintiff served a copy of the summons and Complaint on SunTrust on September 30, 2005. Plaintiff's two count Complaint asserts claims for negligence and intentional tort stemming from the January 8, 2002 robbery of SunTrust's Recker Highway branch in Winter Haven, Florida. In the course of the robbery, Plaintiff was shot in the face by one of the assailants.

Plaintiff alleges that prior to this incident, SunTrust was aware that a teller at the Recker Highway branch had been pistol-whipped by a bank robber, and that "several incidents of aggravated assault" had taken place at the Recker Highway branch. (Doc. No. 2 at 3, ¶5). Plaintiff alleges that following the pistol-whipping incident, SunTrust hired a security guard, but

1

that the security guard was not on duty at the Recker Highway branch on the date of the robbery. Plaintiff claims she "had been told" that a security guard had been hired and would be in place at the Recker Highway branch, although Plaintiff does not identify the person who gave her this information.

In Count I, a claim for negligence, Plaintiff asserts SunTrust had a duty to protect her, that SunTrust "knew or should have known of the presence of the specific unsafe conditions created by the lack of security," that "prior to the bank robbery similar criminal incidents had taken place at the SunTrust branch in Winter Haven as well as other SunTrust bank branches," and that SunTrust breached its duty to Plaintiff by failing to provide sufficient security, "which posed specific unsafe working conditions" that posed "a high degree of risk and the strong possibility of serious injury or death." (Doc. No. 2 at 5, ¶23). Plaintiff states that her injuries "were not injuries caused by a risk inherent in the nature of her work as a branch manager." Id. at ¶24.

In Count II, a claim for intentional tort, Plaintiff asserts that she was the bank manager at the Recker Highway branch, that SunTrust had the duty to protect her, that SunTrust "knew of the presence of the specific unsafe working conditions created by the lack of security," and that SunTrust was intentional and reckless in providing insufficient security at the Recker Highway branch "which posed specific unsafe working conditions which posed a high degree of risk and a strong possibility of serious injury or death." (Doc. No. 2 at 6, ¶27-30). In Count II, Plaintiff further alleges SunTrust's conduct "was outrageous as to go beyond all bounds of decency, and to be regarded as odious and utterly intolerable in a civilized community." Id. at 7, ¶31.

Plaintiff's Complaint should be dismissed for failure to state a cause of action because it fails to allege facts sufficient to overcome the burden of section 440.11, Florida Statutes, employer immunity, under Florida's Worker's Compensation Act.

## II. MEMORANDUM OF LAW

### A. Standard of Review

In reviewing a motion to dismiss, the district court is to view the complaint in the light most favorable to the plaintiff. See Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999). A complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). All that is required under the Federal Rules of Civil Procedure is "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail on her claims, but whether the allegations are sufficient to allow the plaintiff to proceed with discovery in an attempt to prove the allegations in the complaint. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986). However, while a plaintiff need not set forth a detailed recitation of the facts, "'it is not enough, to indicate merely that the plaintiff has a grievance.'" Clark v. Sierra, 837 F.Supp. 1179, 1181 (M.D. Fla. 1993)(internal citations omitted). Rather, "'sufficient detail must be given so that the defendant, and the Court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery.'" Id.

### B. Worker's Compensation Exclusivity

Viewing the Complaint in the light most favorable to Plaintiff, this Court should dismiss it in its entirety for failure to state a claim upon which relief can be granted. A motion to dismiss

a complaint should be granted on the basis of a dispositive issue of law where there exists no set of facts entitling a plaintiff to relief. Brown v. Crawford County, 960 F.2d 1002, 1010 (11th Cir. 1992). In this case, the allegations of the Complaint clearly establish that Plaintiff suffered an injury that occurred within the course and scope of her employment. Specifically, Plaintiff alleges she was injured in the bank where she was employed as branch manager, during business hours, while customers were present, as a result of an armed robbery of the bank. The allegations of the Complaint establish a causal connection between Plaintiff's injuries and her employment. See Jenkins v. Wilson, 397 So. 2d 773, 775 (Fla. 1st DCA 1981); Lovin Mood, Inc. v. Bush, 687 So. 2d 61, 62 (Fla. 1st DCA 1997). As such, even though the Federal Rules of Civil Procedure merely require notice pleading, a plaintiff must allege facts sufficient to establish a claim upon which relief can be granted. In this case, Plaintiff must allege facts sufficient to overcome the bar of employer immunity under the Florida Worker's Compensation Act, which she has failed to do.

Under Florida's Worker's Compensation Act, specifically section §440.11(1), Florida Statutes, worker's compensation is the exclusive remedy for an employee's injury or death arising out of work performed in the course or scope of her employment "so long as the employer has not engaged in any intentional act designed to result in or that is substantially certain to result in injury or death to the employee." Eller v. Shova, 630 So. 2d 537, 539 (Fla. 1993); see also Turner v. PCR, Inc., 754 So. 2d 683, 684 (Fla. 2000); McClanahan v. State of Florida, Dep't of Juvenile Justice, 854 So. 2d 793, 795 (Fla. 2d DCA 2003). Thus, while employers are immune from suits premised on negligence, Florida courts recognize an intentional tort exception to worker's compensation immunity.

The exception's "substantial certainty" standard employs an objective test under which it must be determined whether "a reasonable person would understand that the employer's conduct was 'substantially certain' to result in injury or death to the employee." McClanahan, 854 So. 2d at 795; Turner, 754 So. 2d at 688.[1] Under this standard, a plaintiff must show that the employer engaged in conduct that amounts to more than mere "gross negligence." McClanahan, 854 So. 2d at 795; Turner, 754 So. 2d at 688; Feraci v. Grundy Marine Const. Co., 315 F.Supp.2d 1197, 1211 (N.D. Fla. 2004); Garrick v. Publix Super Markets, Inc., 798 So. 2d 875, 878-79 (Fla. 4th DCA 2001).

### C. Application to Plaintiff's Claims

As explained above, the Florida Worker's Compensation Act clearly provides employers with immunity from suit for actions sounding in ordinary or even gross negligence. See Eller, 630 So. 2d at 539; Turner, 754 So. 2d at 684; McClanahan, 854 So. 2d at 795. As such, Plaintiff's claim for negligence in Count I should be dismissed with prejudice. As explained below, Plaintiff's intentional tort claim should also be dismissed for failure to allege facts sufficient to overcome the protections of worker's compensation immunity.

---

[1] The intentional tort standard set forth in Turner was superseded by statute. In 2003 the Florida Legislature amended Fla. Stat. § 440.11(1) by codifying the intentional tort exception recognized by Turner; but the legislature required plaintiffs to prove the existence of an intentional tort by 'clear and convincing evidence' and changed the substance of the exception by replacing the "substantial certainty" test with a "virtually certain test."

Under the current version of Fla. Stat. § 440.11, the employee must prove, by clear and convincing evidence, that
    1. The employer deliberately intended to injure the employee; or
    2. The employer engaged in conduct that the employer knew, based on prior similar accidents or on explicit warnings specifically identifying a known danger, was virtually certain to result in injury or death to the employee, and the employee was not aware of the risk because the danger was not apparent and the employer deliberately concealed or misrepresented the danger so as to prevent the employee from exercising informed judgment about whether to perform the work.

SunTrust recognizes, however, that the virtual certainty test established by the 2003 amendment of Fla. Stat. §440.11 is not applicable to the case at hand as the incident giving rise to Plaintiff's Complaint took place on January 8, 2002. The amendment was not passed until 2003. As such, Plaintiff must demonstrate the existence of an intentional tort under the substantial certainty test. See Feraci v. Grundy Marine Const. Co., 315 F.Supp.2d 1197, 1205 n.11 (N.D. Fla. 2004); see also FCCI Ins. Co., Inc. v. Horne, 890 So. 2d 1141, 1143 n.5 (Fla. 5th DCA 2004).

5

In addition to the general allegations concerning SunTrust and Plaintiff's employment therewith, Plaintiff alleges in Count II that SunTrust "knew of the presence of the specific unsafe working conditions created by the lack of security," and that the following conduct by SunTrust was intentional and reckless: providing insufficient security; failing to meet minimum security standards for the banking industry; and taking affirmative steps to remove security guards from the premises. (Doc. No. 2 at 6, ¶30). Plaintiff further asserts that SunTrust's conduct was "outrageous as to go beyond all bounds of decency, and to be regarded as odious and intolerable in a civilized community." (Doc. No. 2 at 7, ¶31).

Viewing Plaintiff's Complaint in the light most favorable to Plaintiff, the facts alleged, even if proven, are insufficient to support a jury's verdict that SunTrust engaged in conduct that was substantially certain to result in injury or death to Plaintiff. Rather, Plaintiff's Complaint merely sets forth conclusory allegations of liability that are insufficient to establish the intentional tort exception to worker's compensation immunity.

Plaintiff's allegations do not even rise to the level of those set forth in <u>Garrick v. Publix Super Markets, Inc.</u>, 798 So. 2d 875 (Fla. 4th DCA 2001), a case in which the appellate court affirmed the dismissal of the plaintiffs' complaint for failure to allege facts that established their employer committed an intentional tort. The plaintiffs in that case were Brinks security guards who were shot and injured during an armed robbery at a Publix store. The plaintiffs alleged that their employer had knowledge "that a robbery was going to occur at a Publix in Boynton Beach on Jog Road or Military Trail and Gateway, and that Brinks did nothing to remedy its security operations, or to increase the protection of its passengers and drivers." <u>Id.</u> at 879. On appeal, the Fourth DCA explained that the allegations, taken in the light most favorable to the plaintiffs, established that the employer knew that unknown persons were planning an robbery at a Publix

store at an unknown time and an unknown date, which were different than the place the robbery actually occurred. See id. The court found these allegations, even if proven, would not support a jury's verdict that the employer engaged in conduct that was substantially certain to result in injury to the plaintiffs, thereby affirming the dismissal with prejudice of the plaintiffs' amended complaint. See id.

Plaintiff's allegations in the instant case do not even rise to the level of specificity alleged by the plaintiffs in Garrick. Rather, Plaintiff merely asserts that previously there was a pistol-whipping incident at the Recker Highway branch, as well as similar criminal activities at that branch and other SunTrust bank branches. Plaintiff does not assert that SunTrust had any prior knowledge of the specific armed robbery in which she was injured, that SunTrust had any knowledge of any threat of armed robbery, or that SunTrust deliberately withheld such information from its employees. Plaintiff's conclusory allegations of "substantial certainty" do not raise her otherwise insufficient allegations to the level of an intentional tort sufficient to overcome worker's compensation exclusivity. See Clark v. Gumby's Pizza Systems, Inc., 674 So. 2d 902, 904 (Fla. 1st DCA 1996). Nor does Plaintiff's conclusory statement that her injuries "were not injuries caused by a risk inherent in the nature of her work as a branch manager" save her claims from the provisions of worker's compensation immunity. Plaintiff's Complaint sets forth that the robbery occurred at the SunTrust bank where she served as branch manager and that the robbery occurred during business hours, while customers were present. These allegations establish the causal connection between her injuries and her employment sufficient to support coverage under the worker's compensation statute. See Lovin Mood, 687 So. 2d at 62 (holding that injuries incurred by employee during a sexual assault perpetrated by "customer" in the back room of the store during business hours fell within the exclusivity provision of Fla. Stat.

§ 440.11 and that employer was therefore entitled to immunity); see also Jenkins v. Wilson, 397 So. 2d 773, 775 (Fla. 1st DCA 1981)(finding that sexual assault that occurred in parking lot was covered by worker's compensation as the plaintiff's employment created a hazard from which her injury arose).

## III. CONCLUSION

Worker's compensation immunity acts a bar to suits sounding in ordinary or even gross negligence and therefore Plaintiff's claim for negligence in Count I should be dismissed with prejudice. Moreover, because Plaintiff has failed to set forth allegations of fact that, if proven, would establish that SunTrust engaged in conduct that was substantially certain to result in injury or death to the employee, she cannot overcome the protections of worker's compensation immunity and therefore has failed to state a claim upon which relief can be granted in Count II. Therefore, Plaintiff's Complaint should be dismissed with prejudice, in its entirety, on the basis of worker's compensation exclusivity.

WHEREFORE, Defendant, SUNTRUST BANK, respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice for failure to allege facts sufficient to overcome the immunity provided by Fla. Stat. §440.11, and for such other and further relief as this Court deems appropriate.

Respectfully submitted,

**GRAYROBINSON, P.A.**

/s/ Mark Miller_____
**Mark N. Miller, Esq.**
Florida Bar No. 239216
mmiller@gray-robinson.com
**Kristie Hatcher-Bolin, Esq**.
Florida Bar No.: 521388
khbolin@gray-robinson.com
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed and furnished by U.S. Mail this 25th day of October, 2005, to: John W. Frost, II, Frost Tamayo Sessums & Aranda, P.A., Post Office Box 2188, Bartow, Florida 33831-2188 (JFrost1985@aol.com, jfrost@frosttamayo.com).

        **GRAYROBINSON, P.A.**

        /s/ Mark Miller_____
        **Mark N. Miller, Esq.**
        Florida Bar No. 239216
        mmiller@gray-robinson.com
        **Kristie Hatcher-Bolin, Esq**.
        Florida Bar No.: 521388
        khbolin@gray-robinson.com
        GrayRobinson, P.A.
        Post Office Box 3
        Lakeland, FL 33802-0003
        Phone: (863) 284-2251
        Fax: (863) 683-7462
        Attorneys for Defendant