**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MARTHA LOCKE f/k/a**
**MARTHA VILLEREAL,**

        **Plaintiff,**

**vs.**                              **CASE NO: 8:05-CV-1956-T-17-MAP**

**SUNTRUST BANK, a**
**foreign corporation,**

        **Defendant.**
_____/

## ORDER ON THE DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

    **THIS CAUSE** came before the Court on the Defendant's, SUNTRUST BANK, (Defendant) Motion to Dismiss Plaintiff's Complaint for failure to state a claim a claim for which the Court could grant relief, filed on October 25, 2005, pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. 5). Also before the Court is the Plaintiff's Opposition and Supporting Memorandum to Defendant's Motion to Dismiss and Supporting Memorandum Of Law & Case Law (Dkt. 68). After considering the motion, record, and applicable law, the Defendant's Motion is granted.

BACKGROUND/PROCEDURAL HISTORY

    Plaintiff, Martha Locke, filed a complaint against Defendant in the Tenth Judicial Circuit, in and for Polk County, Florida on September 28, 2005. In her complaint, Plaintiff asserts claims for negligence and intentional tort as a result of the January 8,

**CASE NO: 8:05-CV-1956-T-17-MAP**

2002, robbery of SunTrust's Recker Highway Branch in Winter Haven, Florida. Plaintiff alleges that Defendant was aware of previous incidents of criminal activity, hired a security guard to patrol the SunTrust Recker Highway branch, but did not have the security guard in place on the date of the incident. (Dkt. 2). Moreover, during the course of the robbery, the robbers shot Plaintiff in the face and stole her purse. (Dkt. 2). On October 25, 2005, Defendant filed a motion to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. Pro. 12(b)(6). (Dkt. 5)

In its motion, Defendant contends that, as Plaintiff's employer, it is immune from suits premised on negligence pursuant to § 440.11(1) of the Florida Worker's Compensation Act. Moreover, Defendant argues that Plaintiff's intentional tort claim should also be dismissed for failing to allege facts sufficient to overcome worker's compensation immunity. (Dkt. 5, p.5). Plaintiff's Opposition to Defendant's Motion to Dismiss, filed on November 3, 2005, focuses on the notion that Plaintiff's injury was not one caused by a risk inherent in the nature of Plaintiff's employment. (Dkt. 7). Moreover, Plaintiff argues that her intentional tort claim is not barred by the exclusivity provisions of Florida's Worker's Compensation Law.

STANDARD OF REVIEW

A.    <u>Motion to Dismiss for Failure to State a Claim</u>

As a defense to a plaintiff's complaint, a defendant may file a motion with the court when the plaintiff has failed to state a claim under which relief can be granted. (Fed. R. Civ. P. 12(b)(6)). Under 12(b)(6), a cause of action should only be dismissed for failure to state a claim when it appears, beyond doubt, that the plaintiff will be unable to prove a set of facts in support of a theory of recovery entitling the plaintiff to relief. *Conley v. Gibson*, 355 U.S. 41, 45-6 (1957). When ruling on a motion to dismiss, a court is required to view the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232 (1974). Additionally, the Eleventh Circuit Court of Appeals has held that dismissal under Rule 12(b)(6) is warranted "only if it is clear that no relief

2

**CASE NO: 8:05-CV-1956-T-17-MAP**

could be granted under any set of facts that could be proved consistent with the allegations" of the complaint. *Access Now Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1326 (11th Cir 2004).

Furthermore, when a federal court reviews a complaint's sufficiency, the issue is not whether the plaintiff will ultimately emerge victorious, but whether the claimant is entitled to offer evidence to support the claims. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).


II. Intentional Tort Exception to Worker's Compensation Employer Immunity

For employees that fall within Florida Worker's Compensation Laws, their exclusive remedy for "accidental injury or death arising out of the work performed in the course and scope of employment" is workers compensation. Fla. Stat. § 440.09(1) (2003). Thus, there is a general recognition of tort immunity for employers whereby employees are precluded from initiating common law negligent suits against their employers. *Turner v. PCR, INC.*, 754 So. 2d 683, 686 (2000). Notwithstanding this general tort immunity for employers, courts have recognized an intentional tort exception to the worker's compensation statutory scheme. Per *Turner*, the intentional tort exception applies if, under an objective standard, the employer engaged in conduct which was substantially certain to result in injury or death to the employee. An analysis should consider whether a reasonable person would understand that the employer's conduct was "substantially certain to result in injury or death to the employee." *Turner*, 754 So. 2d at 688. Courts have determined that when proving "substantial certainty," the plaintiff employee must demonstrate that the employer engaged in conduct amounting to more than gross negligence. *Id.* at 688.


DISCUSSION

A.  Plaintiff's Negligence Claim

Defendant seeks to dismiss Plaintiff's claim of negligence asserting that Plaintiff has failed to state a claim upon which relief can be granted. Specifically, Defendant

**CASE NO: 8:05-CV-1956-T-17-MAP**

argues that the Plaintiff suffered an injury that occurred within the course and scope of Plaintiff's employment and that Plaintiff's complaint establishes the requisite causal connection between her injuries and her employment. (Dkt. 5)

In order for an employee's injury to be covered under Florida Worker's Compensation Law, the employee's injury must occur within period of employment, at a place where employee may reasonably be, and while reasonably fulfilling duties of employment or engaged in doing something identical to it. Fla. Stat. § 440.01 (2003). In *Byrd v. Richardson-Greenshields Securities*, 552 So. 2d 1099, 1104 n. 7 (Fla. 1989), the court defined an injury arising out of employment as an injury "caused by a risk inherent in the nature of the work in question." Case law reveals that Florida courts have extended the definition of "accident arising out of … employment" to include a variety of injuries caused by intentional torts so long that there is a "sufficient nexus with the activities of the workplace itself." *Id.* at 1101. For example in *Prahl Brothers, Inc. v. Phillips*, 429 So. 2d 386, 387 (Fla. 1st DCA), *review denied*, 440 So. 2d 353 (Fla. 1983), the court found an employee's psychiatric impairment after being robbed at her workplace by a gunman to have arisen out of her employment and, thus, it fell within the worker's compensation statutes. While the instant case does not involve psychiatric impairment, the Plaintiff was shot in the face while acting in the capacity of a bank manager during the course of the bank's robbery.  It is undisputed that the Plaintiff was "injured in the bank where she was employed as branch manager, during business hours, while customers were present, as a result of an armed robbery of the bank." (Dkt. 5, p. 4). Furthermore, it is not a stretch to identify that a risk of a bank employee's job is the potential for an armed robbery to occur on the premises. In fact, this risk is the reason tellers sit behind bullet proof glass.

After reviewing the evidence, this Court finds that Plaintiff's allegations establish a causal connection between Plaintiff's injuries and her employment. *See Lovin Mood, Inc. v. Bush*, 687 So. 2d 61, 62 (Fla. 1st DCA 1997) (holding that injuries sustained by a store employee, during store hours, after being beaten and raped by a store customer, were casually connected to employment). This Court finds that the armed robbery of Defendant SunTrust Bank is a risk inherent in the nature of Plaintiff's employment as a

**CASE NO: 8:05-CV-1956-T-17-MAP**

bank manager, and thus, Plaintiff's injuries are casually connected to her employment with Defendant. Based on its findings, this Court determines that worker's compensation is the Plaintiff's exclusive remedy and Plaintiff's negligence claim against Defendant is dismissed with prejudice.

B.     Plaintiff's Intentional Tort Claim

Defendant seeks to dismiss Plaintiff's intentional tort claim on the grounds that Plaintiff has failed to allege facts sufficient to overcome employer immunity under the Worker's Compensation Act. As previously explained, the Florida Worker's Compensation Act bars employees from bringing tort claims against their employer "so long as the employer has not engaged in any intentional act designed to result in or that is substantially certain to result in injury or death to the employee." *See Turner v. PCR, Inc.*, 754 So. 2d 283, 684 (Fla. 2000); *see also* Fla. Stat. § 440.11(1) (2003).  However, under the intentional tort exception to worker's compensation immunity, an employee can file an intentional tort claim against an employer if "a reasonable person would understand that the employer's conduct was substantially certain to result in injury or death to the employee." *Turner*, 754 So. 2d at 688.

Plaintiff argues that Defendant's awareness of prior criminal activity at the place of employment and actions of hiring a security guard and subsequently removing him was an intentional act of indifference to Plaintiff's safety. (Dkt. 7, p. 10). On the contrary, Defendant asserts that "Plaintiff's conclusory allegations of substantial certainty do not raise her otherwise insufficient allegations to the level of an intentional tort sufficient to overcome worker's compensation immunity."  (Dkt. 5, p. 7).

In its response to Defendant's Motion to Dismiss, Plaintiff cites *EAC USA, Inc. v. Kawa*, 805 So. 2d 1(Fla. 2d DCA), as "instructive" to the instant case. (Dkt. 7, p. 11).  In that case, the court addressed whether a manufacturer could have leave to amend its cross-claim to assert a contribution claim against the employer. In *EAC USA, Inc.*, an injured employee brought suit against the employer and printing press manufacturer for injuries sustained when using the employer's printing press. *Id.* at 2-3. The employer

5

**CASE NO: 8:05-CV-1956-T-17-MAP**

removed a safety device on the printing press that the employee operated. *Id.* at 3.

Ultimately, the court determined that the manufacturer could have leave to amend its

complaint because it had satisfied its burden of attempting to plead a cause of action for

contribution against the employer. *Id.* at 5. The court further concluded that the

manufacturer had "alleged intentional conduct" by the employer "that was substantially

certain to result in injury" to the employee. *Id.* Thus, the basis of the court's ruling was

that the manufacturer was entitled to leave to amend his complaint. *Id.* In the instant case,

the Plaintiff has not satisfied her burden of pleading a cause of action against Defendant,

and, therefore, is not entitled to amend her complaint. An amendment would be futile

because Plaintiff has not alleged sufficient facts to overcome Defendant's workers

compensation immunity. Thus, this Court does not find *EAC USA, Inc.* to be especially

supportive to Plaintiff's argument. Moreover, the instant case is distinguishable from

*EAC USA, Inc.* because in *EAC USA, Inc.* the employer engaged in conduct- removing

the safety device- which directly harmed the employee. Thus, the employer's actions

directly caused Plaintiff's injuries. The instant case, however, involves an intervening

third party- the armed robber- that engaged in conduct that caused the Plaintiff's injuries.

Additionally,

This Court finds merit in the *Garrick v. Publix Supermarkets, Inc.*, 798 So. 2d

875 (Fla. 4th DCA 2001) case. In *Garrick*, injured security guards brought an intentional

tort claim against their employer alleging that the employer had knowledge that a robbery

was going to occur at the employees' place of employment, but that the employer did

nothing to remedy its security operations or to increase the protection of its messengers

and drivers. *Id.* at 879. The issue before the court was whether the intentional tort

exception to worker's compensation immunity applied. *Id.* The court ruled that the

employees' complaint did not contain allegations of ultimate facts that the employer

engaged in conduct that was substantially certain to result in injury to the employee. *Id.*

The court reasoned that the employees' allegations, even if proven, would only establish

that a robbery was likely to occur at one of two stores and at an unknown time and date.

*Id.* Further, the court determined that such vagueness "does not allege facts supporting a

**CASE NO: 8:05-CV-1956-T-17-MAP**

claim based on a substantial certainty that the robbery and injury would occur." *Id.*
Defendant argues that the Plaintiff's allegations in the instant case do not even rise to the
level of specificity that the employees' in *Garrick* alleged. (Dkt. 5, p. 7). This Court
agrees with the Defendant and notes that Plaintiff's complaint merely asserts that there
was a previous pistol-whipping incident and similar criminal activities at the Defendant
Sun Trust bank branches. (Dkt. 2).  Plaintiff sets forth no evidence that the Defendant had
knowledge of a threat of the armed robbery in which Plaintiff was injured, or that
Defendant intentionally withheld such information from the Plaintiff. Based on a
thorough review of the memoranda in support of the parties' positions, this Court finds,
as the *Garrick* court found, that the Plaintiff did not allege sufficient facts that the
Defendant engaged in conduct that was substantially certain to result in injury to
Plaintiff. Therefore, Plaintiff's insufficient allegations do not meet the level of an
intentional tort which would overcome worker's compensation immunity.


CONCLUSION

        For the reasons stated above, this Court grants the Defendant's Motion to
Dismiss. First, this Court finds that the Plaintiff's injuries are casually related to her
employment as a bank manager. The Court notes that the armed robbery of the
Defendant's Sun Trust bank is a risk inherent in the nature of Plaintiff's employment.
Thus, the Plaintiff's claim of negligence in dismissed with prejudice. Furthermore,
Plaintiff's intentional tort claim is also dismissed for failing to allege facts from which a
reasonable person would understand that the Defendant's conduct was substantially
certain to result in injury or death to the Plaintiff. Plaintiff's allegations, even if proven,
would not support an intentional tort claim against the Defendant. Since Plaintiff has not
alleged any additional facts to support a cause of action against Defendant, this Court
finds that a leave to amend Plaintiff's complaint would be futile. Based on these findings,
it is clear to the Court that worker's compensation is the Plaintiff's exclusive remedy.
Accordingly, it is

**CASE NO: 8:05-CV-1956-T-17-MAP**

      **ORDERED** that the Defendant's Motion to Dismiss Plaintiff's Complaint (Dkt. 5) be **GRANTED;** the Plaintiff's Complaint be dismissed with prejudice; and the Clerk of Court is directed to close this case and terminate any pending motions.

      **DONE AND ORDERED** in Chambers at Tampa, Florida, this 10th day of April 2006.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record

8